## Case No. 16,475.

UNITED STATES v. THOMAS.

[3 Cranch, C. C. 293.] [1]

Circuit Court, District of Columbia. May Term, 1828.

PERJURY—AFFIDAVIT.

Perjury may be committed in an affidavit to an account, for the purpose of getting it passed by the orphans' court.

Indictment [against Thomas D. Thomas] for perjury in making affidavit to an account of Barton against Bryan's estate, for $157 for five years' board of a child, for the purpose of getting it passed by the orphans' court.

The question submitted by Mr. Key, for defendant, and Mr. Swann, for the United States, was, whether the affidavit made by the defendant, on the 27th of December, 1827, before Robert Clarke, a justice of the peace, was perjury, if false.

Mr. Key contended that it was not in a judicial proceeding. The defendant had sworn, in that affidavit, that he knew the account to be just and true; and that the creditor (Barton) had boarded a child for Bryan

for five years; and that Bryan had agreed to pay him $30 a year for the board of the child.

---

## Case No. 16,476.

UNITED STATES v. THOMAS.

[1 Havw. & H. 243.] [1]

Circuit Court, District of Columbia. March 8, 1847.

DEPOSITIONS IN CRIMINAL CASES—COMMISSIONS—COMPELLING ATTENDANCE OF WITNESS — JURISDICTION OF COURT—ATTACHMENT FOR CONGRESS MEN.

1. The court has no power to issue a commission in a criminal case, when the witness is within the jurisdiction of this court.

2. The jurisdiction of this court is co-extensive with the Union, and its coercive power extends to witnesses in Missouri or any of the states.

3. The court will not issue an attachment against a member of congress who declines to attend as a witness.

In the alleged bill of indictment it is charged that the defendant [Francis Thomas] published or caused to be published the following libelous matter: "That Colonel Benton and his family permitted Miss McDowell to be seduced by a certain individual, and that they knowing this procured her marriage with him."

Mr. Key, F. R. Fendall, and Waddy, Thompson & Crittenden, for the prosecution.

Walter Jones and Wm. P. Maulby, for the defence.

March 27, 1846.

Mr. Jones, for the defendant, moved the court that a commission be issued to take the deposition of Mrs. Linn of Missouri, an important witness in the case, who is unable to attend on account of indisposition.

The counsel for the prosecution objected to such a proceeding, on the ground that the court had no authority to issue a commission to take depositions in criminal cases unless by consent. Another motion was made that the trial be postponed until next term.

CRANCH, Chief Judge, refused the granting of a commission to take the deposition of the absent witness. In their opinion the court had no power to issue a commission in a criminal case, when the witness was within the jurisdiction of the court, and this court has coercive power in the state of Missouri and all over the Union.

Mr. Jones moved that time be given the accused to file an affidavit showing cause for a continuance.

---

1 [Reported by Hon. William Cranch, Chief Judge.]

1 [Reported by John A. Hayward, Esq., and Geo. C. Hazleton. Esq.]

Mr. Fendall moved for an attachment against the Hon. Mr. Rilfe, of Missouri, and asked if the court had any power to coerce the attendance of a member of congress?

Mr. Crittenden, in support of the power of the court to compel the attendance of the witness who had treated the process of the court with contempt. He contended that no member of congress could plead privilege as a matter of right, nor plead it as an excuse unless his legislative duties were so pressing and the public interest so important as to require his attendance to them.

THE COURT decided not to issue the attachment against the Hon. Mr. Rilfe, who has declined to attend as a witness.

*May 7, 1846.*

After argument by counsel THE COURT was of opinion that the defendant was entitled to a new attachment against Mrs. Linn, and consequently postponed the trial until the attachment could be returned.

Mr. Crittenden, on behalf of the prosecution, named the second Monday in November for the time of trial, and read a formal consent signed by the Hon. Mr. Benton and the district attorney, providing that a commission may be issued to take the testimony of Mrs. Linn before two justices of the peace in the city of St. Louis, within fifty days from the present date, three days' notice being given to Messrs. Lawliss, Grant & Guyer, of said city, attorneys.

*March 4, 1847.*

Mr. Maulby moved for a further postponement of the trial, on the ground of the unavoidable absence of the defendant at Annapolis, and the necessary absence of Mr. Jones, senior counsel, who was engaged in the supreme court.

The motion was resisted by Mr. Preston and Mr. Fendall.

THE COURT made the following decision: If the defendant or his counsel will admit the publication here of the supposed libelous matter charged in the indictment, and the publication of which would be admitted in a regular plea of justification, or agree to take the deposition of Mr. Hopkins immediately, and shall agree to file by Saturday next. at 10 a. m., a specification of so much of the supposed libelous matter as he intends to justify, the cause may be postponed to Monday next, at 11 a. m., when the cause must peremptorily proceed to trial.

*March 8. 1847.*

The counsel for the defendant asked leave to abandon all the purposes of the defendant of establishing the truth of his charges against the prosecution in this case.

The counsel for the prosecution congratulated the court on the termination of the cause, and tendered their acknowledgment to the counsel on the other side for the honorable and proper course they had pursued.

The counsel for the United States considering the object of the prosecution to have been fully accomplished, he thought it his duty to enter a nolle prosequi on the case.

THE COURT signified their approbation of the suggestion of the district attorney, and expressed their gratification that an end was put to the case. They directed the nolle prosequi to be entered, and it was so entered at the October term of the court.